IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GARY D GRIDER,** et al.,

    **Plaintiffs,**

    v.

**SHAWNEE MISSION MEDICAL CENTER, INC.,** et al.,

    **Defendants.**

Case No. 16-2750-DDC-GLR

## **MEMORANDUM AND ORDER**

Plaintiff Teresa Mary Palmer, proceeding pro se, brings this medical malpractice suit against Defendants Shawnee Mission Medical Center ("SMMC") and Mid-America Physician Services, LLC ("MAPS"). At issue is their treatment of Plaintiff Teresa Mary Palmer, who checked into SMMC because she appeared to be going into labor. Joining her as Plaintiffs are Gary Dean Grider (her husband), Teresa Marita Palmer (her mother), and James William Palmer (her father) (collectively, the "Family Plaintiffs"). The matters before the Court are Plaintiffs' Motion for Leave to File Third Amended Complaint (ECF 36) and Motion for Clarification (ECF 47). For the reasons below, the Court grants in part and denies in part Plaintiffs' Motion for Leave to File Third Amended Complaint (ECF 36) and its supplement that requests alternative relief, Plaintiffs' Motion for Clarification (ECF 47).

**I. Background**

Plaintiffs' first Complaint (ECF 1) asserted twenty-three counts within five different groups and alleging violations of 42 U.S.C. § 1395dd (Counts 1–5), strict liability (Counts 6-9), res ipsa loquitur (Counts 10–13), intentional infliction of emotional distress (Counts 14[1]–19), and

---
[1] Plaintiffs' Complaint actually labels this 13, but the Court assumes it is a typo and meant to be 14.

breach of contract (Counts 20–23). Plaintiffs amended their Complaint twelve days after filing (ECF 4). The Court cannot discern a difference between the Complaint and the Amended Complaint, except for adding the case number to the caption. With leave of Court Plaintiffs then filed their Second Amended Complaint (ECF 23) on March 16, 2017. It contains only a few changes: combining two numbered fact paragraphs into one numbered paragraph; and addressing the numbering error (see footnote one) with respect to the alleged Counts.

On April 6, 2016, Plaintiffs filed a Motion for Leave to File Third Amended Complaint (ECF 36). It attaches their proposed Third Amended Complaint (ECF 36-1).

On May 15, 2017, Plaintiffs filed a Motion for Clarification (ECF 47), which contained another proposed Third Amended Complaint (ECF 47-1). The two Third Amended Complaints thus proposed by these two motions are essentially identical, except that the latter document does not include Dr. Piquard as a defendant. Plaintiffs explained that, if the Court rules that Dr. Piquard not be added as a defendant, they intend the latter proposed Complaint (ECF 47-1) to be their Third Amended Complaint. The Court thus construes Plaintiffs' Motion for Clarification (ECF 47) as a supplement to Plaintiffs' Motion for Leave to File a Third Amended Complaint that requests alternative relief.[2]

## II. Legal Standards

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion

---

[2] Regardless of the Court's construction of Plaintiffs' Motion for Clarification as a supplement, Defendant SMMC responded to it as if it were a proper motion. However, their response merely repeated arguments made in their response to the original motion to amend. (*Compare* ECF 39 *with* ECF 48.) Defendant MAPS did not respond to these motions.

under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[3] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[4] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[5] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[6] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[7]

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[8]

The Court liberally construes the pleadings of a pro se plaintiff.[9] This does not mean, however, that the Court must become an advocate for the pro se plaintiff.[10] Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[11]

---

[3] Fed. R. Civ. P. 15(a)(1).

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[7] *Id.* (quoting *Foman*, 371 U.S. at 182).

[8] Fed. R. Civ. P. 4(m).

[9] *See Jackson v. Integral, Inc.,* 952 F.2d 1260, 1261 (10th Cir. 1991).

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Id.*

**III. Discussion**

Plaintiffs propose a Third Amended Complaint (ECF 36-1), which contains two significant changes. First, Plaintiffs seek to add another defendant, Angela L. Piquard, M.D., an obstetrician employed by MAPS and who had a physician-patient relationship with Plaintiff Teresa Mary Palmer. Second, Plaintiffs condense their claims to five Counts, some of which may be substantively different. The Counts in the latest proposed version are:

Count 1: Violations of 42 U.S.C. § 1395dd against SMMC;

Count 2: Negligence against SMMC;

Count 3: Negligence against MAPS;

Count 4: Negligence against proposed-defendant Dr. Piquard;[12] and

Count 5: Contract Liability against SMMC, MAPS, and Dr. Piquard.[13]

Defendants SMMC and MAPS filed separate responses (ECF 38 and 39), and SMMC joins and incorporates MAPS' response.

**A. Addition of Dr. Piquard**

Plaintiffs seek to add a defendant to this lawsuit: Dr. Piquard, the physician who admitted and discharged Plaintiff Teresa Mary Palmer. As Plaintiffs acknowledge, the statute of limitations for each of their claims ran on November 5, 2016.[14] Therefore, Dr. Piquard can be added only if Plaintiffs satisfy Federal Rule of Civil Procedure 15(c)(1)(C). Rule 15(c)(1)(C) provides:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when
> . . .

---

[12] Notably, Plaintiffs list only one count of negligence, but it consists of seven subparts. These subparts are perhaps best categorized as factual allegations—not separate instances of negligence.

[13] ECF 36-1.

[14] K.S.A. § 60-513(a).

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

As the United States Supreme Court explains in *Krupski v. Costa Crociere S. p. A.*,[15] Plaintiffs must satisfy three elements to satisfy Rule 15(c)(1)(C):

> First, the claim against the newly named defendant must have arisen "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. Rules Civ. Proc. 15(c)(1)(B), (C). Second, "within the period provided by Rule 4(m) for serving the summons and complaint" (which is ordinarily 120 days from when the complaint is filed, see Rule 4(m)), the newly named defendant must have "received such notice of the action that it will not be prejudiced in defending on the merits." Rule 15(c)(1)(C)(i). Finally, the plaintiff must show that, within the Rule 4(m) period, the newly named defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Rule 15(c)(1)(C)(ii).[16]

The parties do not dispute that the first element is met. The claims proposed against Dr. Piquard undoubtedly relate to the claims set forth or attempted to be set forth in Plaintiffs' original Complaint.

As to the second element, Plaintiffs argue Dr. Piquard had actual notice—or at the very least, constructive notice—because she was contacted by both federal and state investigators after Plaintiff James William Palmer lodged a complaint with the Kansas Department of Health and Environment ("Health Department") in November 2014. Plaintiffs, however, misunderstand

---

[15] 560 U.S. 538 (2010).

[16] *Id.* at 545.

this element, as Rule 15(c)(1)(C) clearly states that the proposed defendant must receive notice of *this action*. For actual notice, Plaintiffs must demonstrate Dr. Piquard received notice of their Complaint or Amended Complaint within the period provided by Rule 4(m). While Defendants do not address actual notice, the Court finds that notice of Mr. Palmer's complaint with the Health Department cannot constitute actual notice of *this suit*. Plaintiffs could have, for example, lodged a complaint with the Health Department and never filed this suit. Nothing in the record shows Dr. Piquard received actual notice of this suit.

To show constructive notice, Plaintiffs must demonstrate Dr. Piquard learned of this litigation in some indirect manner. For instance, SMMC or MAPS may have informed her of this suit, because in any event she appears to be a witness. While Plaintiffs do not allege that (or something like it) actually happened, the Court finds the following facts informative. There is significant overlap between the Health Department complaint and this suit, both alleging a violation of the Emergency Medical Treatment and Labor Act, 42 U.S.C. §1395dd, and general allegations of negligent medical care. Plaintiffs allege that Dr. Piquard received notice of the Health Department complaint and was interviewed during the Health Department's subsequent investigation. Dr. Piquard was an employee of MAPS and worked at SMMC, which makes it plausible she would hear of this case in some way.[17] Moreover, neither Defendant addresses Plaintiffs' contention that Dr. Piquard received constructive notice.[18] For these reasons and on this record, the Court declines to find at this juncture that Plaintiffs' amendment to add Dr.

---

[17] The Court has no information as to whether Dr. Piquard still works for MAPS or at SMMC, but she did at the time.

[18] Though, to be fair, Defendants may not have knowledge of what Dr. Piquard did or did not receive or whether she was interviewed as part of a state investigation. Nevertheless, the Court notes this fact because Defendants would know whether *they* contacted Dr. Piquard about this action.

Piquard is futile with respect to the notice element. The Court also notes that Dr. Piquard would perhaps not be prejudiced in defending on the merits, as this case is still in its infancy.[19]

The third element under Rule 15(c)(1)(C) requires that Plaintiff show Dr. Piquard "knew or should have known that the action would have been brought against [her], but for a mistake concerning the proper party's identity."[20] Plaintiffs argue that this element is satisfied because they mentioned Dr. Piquard in the Complaint, and that she, as Teresa Mary Palmer's doctor on the night of the injury, should have known she would have been sued but for Plaintiffs' ignorance. Plaintiffs suggest they made a mistake about the difference in *legal* status of Dr. Piquard and her employer MAPS, apparently assuming that by suing MAPS they were also suing MAPS' employee, Dr. Piquard.[21] Defendants counter that Plaintiffs did not make a mistake about the proper defendant's identity, citing several pre-*Krupski* cases holding that lack of knowledge is not a mistake under Rule 15(c)(1)(C).[22]

Both parties cite *Krupski* in support of their respective positions. In *Krupski* the Supreme Court held that "making a deliberate choice to sue one party instead of another while *fully understanding the factual and legal differences* between the two parties is the antithesis of making a mistake concerning the proper party's identity."[23] Plaintiffs argue that language supports their position because they, as pro se plaintiffs, did not *fully* understand the legal differences between MAPS and Dr. Piquard. Indeed, Plaintiffs readily concede they understood the factual differences between MAPS and Dr. Piquard. Defendants argue *Krupski* demonstrates

---

[19] Indeed, if added, Dr. Piquard would have an opportunity to raise issues regarding relation back.

[20] Fed. R. Civ. P. 15(c)(1)(C)(ii).

[21] But they never explain why they thought this.

[22] *See, e.g., Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004); *Sellers v. Butler, et al.*, No. 02-3055-DJW, 2007 WL 2042513 (D. Kan. July 12, 2007); *Lowe v. Surpas Res. Corp.*, 253 F. Supp. 2d 1209, 1248–1249 (2003); *Bloesser v. Office Depot, Inc.*, 158 F.R.D. 168, 171 (D. Kan. 1994).

[23] *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 549 (2010) (emphasis added).

7

Plaintiffs did not make a mistake under Rule 15(c)(1)(C)(ii), because they knew of Dr. Piquard's existence and her role in the underlying incident. Defendants thus frame Plaintiffs' omission of Dr. Piquard as a tactical error—not a mistake.

The Court finds Defendants' conclusion more persuasive, but not necessarily for the arguments they advanced. Where "the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper party's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met."[24] The Court finds Plaintiffs' conduct compels the conclusion that their failure to name Dr. Piquard *as a defendant*[25] in the original Complaint was not a mistake.[26] Plaintiffs knew Dr. Piquard's role and her existence from this case's inception. Yet, over the course of five months, they twice amended their Complaint without naming Dr. Piquard as a defendant. Their delay in seeking to add Dr. Piquard, moreover, exceeds the 90-day timeframe set forth in Federal Rule of Civil Procedure 4(m).[27] This conduct favors a finding that Plaintiffs made a tactical decision, rather than a mistake. It is a common assumption that a bigger payday may be had by suing a corporation rather than its employees, because the corporation apparently has more financial resources. The Court also finds it hard to believe that a plaintiff could reasonably mistake the legal identities of a corporation and a living human being, particularly when that plaintiff knew of the existence and

---

[24] *Id.* at 552.

[25] Unlike in *Krupski*, Plaintiffs named Dr. Piquard in their original Complaint—just not as a defendant.

[26] *See McGregor v. Shane's Bail Bonds*, No. 10-CV-2099-JWL, 2010 WL 3155635, at *7 (D. Kan. Aug. 9, 2010), *aff'd sub nom. McGregor v. Snyder*, 427 F. App'x 629 (10th Cir. 2011) (holding it would be futile to allow amendment where pro se plaintiff had full knowledge of existence and role of proposed defendant in events giving rise to plaintiff's claims).

[27] To be sure, *Krupski* cautions against using the fact that a plaintiff failed to add or change a party *during the Rule 4(m) period* as a justification to prohibit an amendment. *See Krupski*, 560 U.S. at 548 n. 3. Here, this fact is one of many that informs the Court's conclusion.

role of each. Indeed, unlike *Krupski*, Plaintiffs have not confused two entities with similar names, either corporate or individual, with very similar names. Finally, having not been named in two amended pleadings over a five-month timeframe that included the passing of the two-year limitations period and the Rule 4(m) period, the Court finds that Dr. Piquard has a strong interest in repose.[28] For these reasons the Court finds Plaintiffs have failed to satisfy Rule 15(c)(1)(C)(ii) and that adding Dr. Piquard as a defendant would be futile.

### B. Otherwise Amending the Complaint

The Court must decide whether the other differences between the Second Amended Complaint and the proposed Third Amended Complaint, without the addition of Dr. Piquard, (ECF 47-1) warrant granting leave to amend. The Court finds they do not. The two Complaints are substantively without significant difference. Plaintiffs merely changed the form of the Complaint, such as condensing the number of counts from twenty-five to five. Given this, and the fact there is a pending motion to dismiss the Second Amended Complaint, the Court denies Plaintiffs leave to file the Third Amended Complaint. If the claims of Plaintiffs survive Defendants' motions to dismiss, they may file a motion to reconsider with regard to ECF 47-1. That would simply invite the Court to revisit the issue, but it does not assure that the Court would grant their motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Leave to File Third Amended Complaint (ECF 36) and its supplement, Motion for Clarification (ECF 47), are denied.

---

[28] *See Krupski*, 560 U.S. at 550 ("A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity. Because a plaintiff's knowledge of the existence of a party does not foreclose the possibility that she has made a mistake of identity about which that party should have been aware, such knowledge does not support that party's interest in repose.").

On a logistical note as to the whole case, Plaintiffs need send the Court only *one* copy of any future filings, which can be mailed or emailed and can be ink-signed or digitally-signed (i.e. "s/ <name>"). The Court does not need both copies.

Dated July 12, 2017, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge