# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**GARY D GRIDER,** et al.,

    **Plaintiffs,**

    v.

**SHAWNEE MISSION MEDICAL CENTER, INC.,** et al.,

    **Defendants.**

Case No. 16-2750-DDC-GLR

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for Reconsideration (ECF 68). It asks the Court to reconsider its July 12, 2017 Order, which denied Plaintiffs leave to amend their complaint (ECF 64). Defendant Shawnee Mission Medical Center ("SMMC") opposes the motion. It argues that the motion violates D. Kan. Rule 7.3(b) for its failure to identify any of the three reasons that may justify reconsideration. Plaintiffs did not file a reply to the response of SMMC. The time to do so has passed. For the reasons below, the Court denies the motion to reconsider.

D. Kan. Rule 7.3 provides, in pertinent part,

> (b) Non-dispositive Orders. Parties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed unless the court extends the time. A motion to reconsider must be based on:
> (1) An intervening change in controlling law;
> (2) The availability of new evidence; or
> (3) The need to correct clear error or prevent manifest injustice.

As Defendant SMMC points out, Plaintiffs do not point to any of the three reasons to support a motion to reconsider. Because Plaintiffs proceed pro se the Court will liberally construe their pleadings. It thus construes their argument as asserting D. Kan. 7.3(b)(3)—the need to correct clear error or prevent manifest injustice. Plaintiffs presumably view the Court's interpretation of

*Krupski v.Costa Crociere S. p.a.*, 560 U.S. 538 549 (2010) as clear error. The other two bases are plainly inapplicable. Plaintiffs, however, misunderstand the Court's ruling.

Plaintiffs contend the Court focused on Plaintiffs' knowledge, not Dr. Piquard's knowledge, which is an incorrect framing of the issue under *Krupski*. In its Order the Court specifically outlined Dr. Piquard's knowledge. It found that she may, in fact, have had constructive notice of the suit.[1] But that alone is not enough. The Court pointed out that *Krupski* says where "the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper party's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met."[2] The Court did use Plaintiffs' knowledge of Dr. Piquard to show that twice Plaintiffs amended their Complaint and twice did not add Dr. Piquard as a defendant. This observation also implies the knowledge of Dr. Piquard (assuming, without finding, that she had notice of the suit): she sees that Plaintiffs omit her as defendant in their suit three separate times—the initial complaint and two amendments over the course of five months. The Court also noted that this case does not involve mistaken identity. *Krupski* did involve mistaken identity of two corporate entities with *very* similar names. This is not a case where, for instance, (a) Plaintiffs confused two similar names—e.g. Dr. Piquard and Dr. Pickard; (b) Plaintiffs named the nurse thinking it was the doctor; or (c) named a doctor but the wrong

---

[1] *See* ECF 64 at 6-7.

[2] *Krupski*, 560 U.S. at 552; *see also* ECF 64 at 8.

one.  For these reasons the Court finds that it did not commit clear error.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Reconsider (ECF 68) is denied.

Dated September 15, 2017, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge