IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GARY D. GRIDER,** et al.,

    **Plaintiffs,**

    v.

**SHAWNEE MISSION MEDICAL CENTER, INC.,** et al.,

    **Defendants.**

Case No. 16-CV-2750-DDC-GLR

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Compel Defendant Shawnee Mission Medical Center, Inc. (SMMC) to Admit or Deny Their First and Second Set of Requests for Admissions and Interrogatories (ECF 57). Plaintiffs filed the motion on June 12, 2017. Plaintiffs state "[a]s an initial matter, Plaintiff James W. Palmer on June 7, 2017, called SMMC's attorney, Christopher Lucas, and conferred regarding SMMC's refusal to admit or deny all of Plaintiff's Requests."[1] SMMC responded on June 26, 2017, stating only James Palmer ever conferred as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. R. 37.2.[2] In their reply, Plaintiffs claim though James Palmer was the only plaintiff speaking, Teresa Marita Palmer was sitting next to him listening using a speakerphone.[3] Plaintiffs never claim that either Teresa Mary Palmer or Gary Dean Grider were present during this phone call or that either of them attempted to confer with SMMC at any other time.

Importantly, on November 22, 2017, the Court granted in part and denied in part Defendants' motions to dismiss (ECF 84). The Court denied the motions to dismiss regarding

---

[1] ECF 57 at 1.
[2] ECF 59 at 3.
[3] ECF 62 at 2.

the EMTALA claims asserted by Teresa Mary Palmer.  But the Court did dismiss the EMTALA claims asserted by Gary Dean Grider, Teresa Marita Palmer, and James Palmer.

Fed. R. Civ. P. 37(a)(1) requires a motion for an order compelling disclosure or discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." D. Kan. R. 37.2 states the court will not entertain a motion to resolve a discovery dispute unless the moving party "has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."

Here, Plaintiffs certify that James Palmer, and perhaps Teresa Marita Palmer, conferred with SMMC.  They do not certify that Teresa Mary Palmer conferred or attempted to confer with SMMC.  The Court has reviewed Plaintiffs' requests for admissions and interrogatories and finds the requested information is relevant to the EMTALA claim.  Teresa Mary Palmer is the only plaintiff remaining regarding that claim.  The Court finds that Teresa Mary Palmer did not meet the requirement to confer with SMMC and therefore denies the motion without prejudice and directs Teresa Mary Palmer to confer with Defendant SMMC, before she files any further motion to compel.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Compel Defendant Shawnee Mission Medical Center, Inc. (SMMC) to Admit or Deny Their First and Second Set of Requests for Admissions and Interrogatories (ECF 57) is **denied**.

Dated January 23, 2018, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge