IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY D GRIDER, et al.,

    Plaintiffs,

    v.

SHAWNEE MISSION MEDICAL CENTER, INC., et al.,

    Defendants.

Case No. 16-2750-DDC-GLR

**MEMORANDUM AND ORDER**

Plaintiffs Gary Grider, Teresa Mary Palmer, James Palmer, and Teresa Marita Palmer, proceeding pro se, bring this suit against Shawnee Mission Medical Center, Inc. (SMMC) and Mid America Physician Services, LLC (MAPS) for violation of the Emergency Medical Treatment and Active Labor Act (EMTALA) and intentional infliction of emotional distress under Kansas law. Plaintiffs have filed a Motion to Compel SMMC to respond to their first, second, and third sets of requests for admission (ECF 99). The motion is fully briefed. For the reasons set forth below, the Court denies the motion.

**I.   Background**

Plaintiffs served their First, Second, and Third Requests for Admissions and Interrogatories on SMMC on June 5, 2017.[1] On July 5, 2017, SMMC filed a motion for extension of time to answer, object, or otherwise respond to Plaintiffs' requests until 14 days after the Court ruled on SMMC's motion to dismiss.[2] The Court granted the motion for

---

[1] ECF 56.

[2] ECF 61.

extension.³ The Court also granted in part and denied in part SMMC's motion to dismiss on November 22, 2017.⁴ SMMC filed its responses and objections to Plaintiffs' requests on December 6, 2017.⁵ Plaintiffs filed their motion to compel SMMC to respond to their requests on February 20, 2018.

SMMC argues that Plaintiffs' motion to compel is untimely because it was filed more than 30 days after SMMC served its responses and objections. It further argues that Plaintiffs failed to confer in good faith before filing their motion to compel. Additionally, SMMC suggests that Plaintiff James Palmer drafted and submitted the motion to compel on behalf of the other plaintiffs, thus engaging in the unauthorized practice of law, and that even if the Court decided the motion on its merits, it should still be denied because SMMC's objections are "well-taken" and Plaintiffs' requests exceed the scope of their claims.⁶

## II.  Legal Standards

Under D. Kan. Rule 37.1(b), "[a]ny motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause. Otherwise, the objection to the default, response, answer, or objection is waived." The rationale of this rule "is to ensure the court can address discovery disputes while they are still fresh, and in turn expedite litigation."⁷

---

³ ECF 71.

⁴ ECF 84.

⁵ ECF 86.

⁶ *See generally* ECF 103.

⁷ *Hartford Fire Ins. Co. v. P & H Cattle Co., Inc.*, No. 05-2001-DJW, 2008 WL 5046345, at *1 (D. Kan. Nov. 24, 2008) (citing *Continental Cas. Co. v. Multiservice Corp.*, No. 06-2256-CM, 2008 WL 73345, at *4 (D. Kan. Jan. 7, 2008)).

### III.  Discussion

Under D. Kan. Rule 37.1(b), Plaintiffs should have filed and served their motion to compel on or before January 5, 2018.  However, they did not file their motion until February 20, 2018, approximately six weeks (46 days) after the deadline.  Plaintiffs acknowledge that they violated D. Kan. Rule 37.1(b) but "offer no excuse" other than they "are not as skilled as they could be using the Rules of Civil Procedure."[8]  They "request the court hold them harmless for the violation" because they will resubmit "most of the same requests" and then file a timely motion to compel, if necessary.[9]

"When a motion to compel is filed after the expiration of the time allowed for its timely filing, the proper standard to determine if it should be allowed out of time is not a showing of good cause, but rather a showing of excusable neglect."[10]  To determine whether a party has shown excusable neglect, the Court considers: "(1) whether the movant acted in good faith; (2) reason for the delay, including whether it was within the reasonable control of the movant; (3) danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings."[11]

After considering these factors, the Court finds Plaintiffs have not shown excusable neglect.  Plaintiffs provide no explanation for either their delay in filing the motion or their failure to file a motion for extension of time before the deadline expired.  Granting a motion for

---

[8] ECF 105 at 2.

[9] *Id.*

[10] *Layne Christensen Co. v. Purolite Co.*, No. 09-2391-JWL-GLR, 2011 WL 124538, at *1 (D. Kan. Jan. 14, 2011) (citing Hartford Fire Ins. Co. v. P & H Cattle Co., Inc., No. 05–2001–DJW, 2008 WL 5046345, at *2 (D. Kan. Nov. 24, 2008)).

[11] *Id.*

an extension of time to file a motion to compel pursuant to Fed. R. Civ. P. 6(b)(1) and D. Kan. Rule 37.1(b) "is fairly routine practice in this district, and has been so for many years."[12]

Specifically of note, nothing in the record indicates Plaintiffs even attempted to meet and confer with SMMC before the 30-day deadline. Plaintiffs' first apparent attempt to confer was by letter, sent January 25, 2018, which is 20 days after the deadline to file their motion to compel.[13] But even if Plaintiffs had tried to confer during the 30-day time period, there still remains no showing of excusable neglect. In this district, "although some courts have found an untimely motion to compel excusable in certain circumstances, the Court finds nothing to suggest that the time limitation in D. Kan. Rule 37.1(b) is tolled while the parties attempt to resolve their disputes without court intervention."[14] The common practice, rather, "is for a party to request, prior to expiration, an extension of the deadline to file a motion to compel with respect to any discovery dispute upon which the parties are still conferring."[15] Further, excusing the untimely filing of a motion to compel is not "a common practice of the Court."[16]

Plaintiffs also had additional notice of the 30-day deadline. The language in D. Kan. Rule 37.1(b), mandating the 30-day deadline to file a motion to compel, also appears in the Scheduling Order in this case. And it adds the warning that, "Otherwise, the objection to the default, response, answer, or objection is waived. *See* D. Kan. Rule 37.1(b)."[17] Thus, without a showing of excusable neglect, the Court denies Plaintiffs' motion to compel as untimely.

---

[12] *Continental Cas. Co. v. Multiservice Corp.*, No. 06-2256-CM, 2008 WL 73345, at *5 (D. Kan. Jan. 7, 2008).

[13] ECF 99-4.

[14] *Layne Christensen Co. v. Purolite Co.*, No. 09-2391-JWL-GLR, 2011 WL 124538, at *3 (D. Kan. Jan. 14, 2011).

[15] *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*, No. 12-2350-SAC, 2014 WL 12595196, at *2 (D. Kan. Sept. 8, 2014) (citations omitted).

[16] *Layne Christensen Co.*, 2011 WL 124538, at *3.

[17] ECF 30 at 9. *See also Energy Intelligence Group, Inc. v. CHS McPherson Refinery, Inc.*, No. 16-1015-EFM-GLR, 2017 WL 2774681, at *3 (D. Kan. June 27, 2017).

Because the Court finds Plaintiffs' motion is untimely and denies the motion for that reason, it does not address whether the parties sufficiently conferred, the sufficiency of SMMC's objections, or whether Mr. Palmer engaged in the unauthorized practice of law by representing the three other pro se parties.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Compel Defendant Shawnee Mission Medical Center, Inc. (SMMC) to Respond to Plaintiffs' First, Second, and Third Set of Requests for Admissions (ECF 99) is **denied**.

Dated May 14, 2018, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge
