IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY D. GRIDER, et al.,

    **Plaintiffs,**

    v.

SHAWNEE MISSION MEDICAL CENTER,
INC., et al.,

    **Defendants.**

Case No. 16-CV-2750-DDC

## MEMORANDUM AND ORDER

The Court has before it Plaintiffs' Motion to Compel Defendant Shawnee Mission Medical Center, Inc. (SMMC) to Answer Plaintiffs' First Set of Interrogatories (ECF 122). The motion was filed on behalf of all four pro se plaintiffs: Teresa Mary Palmer, Gary Dean Grider, Teresa Marita Palmer, and James William Palmer. Defendant Shawnee Mission Medical Center, Inc. (SMMC) opposes the motion (ECF 130). For the reasons discussed below, the motion is granted in part and denied in part.

**I.   Duty to Confer**

SMMC argues, among other things, that Plaintiffs failed to properly confer, because only James Palmer spoke with counsel for SMMC on the phone. The Court has previously denied Plaintiffs' motion to compel for failure to properly confer (ECF 93). Pursuant to Fed. R. Civ. P. 37(a)(1), a motion for an order compelling discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." D. Kan. Rule 37.2 provides, furthermore, that the court will not entertain a motion to resolve a discovery dispute

unless the moving party "has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."

In their motion Plaintiffs say they sent counsel for SMMC an email and "discussed the objections with defendant SMMC's counsel prior to beginning depositions on April 12, 2018."[1] SMMC disputes this in its response. It contends that, although the parties indicated via email that they would confer on April 12, 2018, "none of them (Mr. Palmer included) brought up the subject of SMMC's answers and objections to their first interrogatories, either before, during or after their depositions."[2] SMMC does note that counsel and Mr. Palmer discussed SMMC's objections by telephone on April 24, 2018.[3]

The Court finds that Teresa Marita Palmer, Teresa Mary Palmer, and Gary Dean Grider failed to sufficiently confer pursuant to Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2. The motion as it relates to these three plaintiffs is denied on that basis. It appears, however, that James Palmer did sufficiently confer with opposing counsel. If he did not, however, "despite the unqualified language in the federal and local rules, the court, in its discretion, may choose to determine a motion to compel on its merits even when the duty to confer has been unfulfilled under certain circumstances."[4] The Court finds in this instance that the interest of justice will be better served by addressing the merits of Plaintiffs' motion as it relates to Mr. Palmer. Plaintiffs have filed other motions to compel. Mr. Palmer has at least attempted to confer with defense counsel in the past and for this pending motion. SMMC is aware of Mr. Palmer's positions on

---

[1] ECF 122 at 1.

[2] ECF 130 at 2.

[3] Although Teresa Marita Palmer was also present on the telephone, she "said nothing about the issue in dispute during the April 24 phone call with her husband." ECF 130 at 2.

[4] *Miller v. NEP Group, Inc.*, No. 15-cv-9701-JAR, 2016 WL 6395205, at *3 (D. Kan. Oct. 28, 2016) (citations omitted).

these discovery issues and has continuously sought to avoid meaningful consideration of them, based upon procedural considerations. The Court has denied two prior motions to compel because of Plaintiffs' failure to follow procedural rules. Plaintiffs by now should be well aware of the duty to confer and what it requires of them. Thus, the Court considers whether SMMC should be compelled to further respond to Plaintiffs' First Set of Interrogatories as it relates to Mr. Palmer's remaining claim for tort of outrage, but not any other plaintiff.[5]

## II. Disputes Regarding SMMC's Answers and Objections to Plaintiffs' First Set of Interrogatories

Plaintiffs' motion does not list any particular answer or objection as being at issue, so the Court will consider all 18 interrogatories attached to Plaintiffs' motion as Exhibit A.[6]

The motion is denied as to Interrogatories 1, 15, 16, and 18. SMMC appears to have fully answered them without objection. Mr. Palmer provides no explanation as to why those answers are insufficient.

SMMC also does not object to Interrogatory Nos. 3 and 4. Both of them ask about Dr. Angela Piquard. In response to Interrogatory No. 3, SMMC states: "Please see Defendant Shawnee Mission Medical Center, Inc.'s Rule 26 Expert Disclosures (Doc. 96) attached hereto, at page 2 of Exhibit A (Doc. 96-1, Page 2 of 3)." In response to Interrogatory No. 4, SMMC states: "Please see the medical chart previously produced and the answer to interrogatory No. 3 above." The Court grants the motion as to these interrogatories in that SMMC should state

---

[5] SMMC notes that it "incorporates by reference, as though fully set forth herein" its response to one of Plaintiffs' previous motions to compel (ECF 103). Arguments raised in that response are that the motion was filed out of time, which is not at issue here; failure to confer, which has already been addressed; adequacy of SMMC's objections, which the Court later discusses; and unauthorized practice of law by Mr. Palmer, which is moot in light of the Court's denial of the motion as it relates to the other three Plaintiffs.

[6] ECF 122-1.

3

specifically to what it is referring from the expert report rather than simply referring to it. SMMC is directed to fully respond to Interrogatory Nos. 3 and 4 with specificity.

SMMC objects to every other interrogatory for various reasons. The Court will consider each.

### A. Interrogatory No. 2

Interrogatory No. 2 asks:

> Why did Michael Magee, M.D. never personally examine Plaintiff Teresa Mary Palmer (PTMP) at the Birth Center after PTMP was admitted at approximately 2:30 AM CST on November 5, 2014.

SMMC's response states:

> Objection. Defendant objects to the above interrogatory on the basis that it is beyond the scope of discovery as authorized by Fed. R. Civ. P. 26(b)(1), calls for speculation, and lacks proper foundation as to this defendant, as Michael Magee, M.D., was not and is not an employee or agent of this defendant.

The Court overrules the objections. "When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[7]

The interrogatory appears relevant on its face, and SMMC provides no explanation as to why it is not relevant and beyond the scope of discovery. SMMC also provides no adequate explanation for its objection that the interrogatory calls for speculation or lacks proper foundation. Evidence does not need to be admissible at trial to be discoverable. "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the

---

[7] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

request will lead to the discovery of admissible evidence.'"[8] At the discovery stage, relevance is broadly construed, and discovery should generally be allowed "'unless it is clear that the information sought can have no possible bearing on the subject matter of the action.'"[9]

Further, there is no need for SMMC to speculate. If it does not know, it can answer that it does not know. The motion to compel is granted as to Interrogatory No. 2.

### B. Interrogatory No. 5

Interrogatory No. 5 asks:

> If PTMP experienced rupture of membranes (ROM) prior to her admission to the Birth Center, what result would you expect the Nitrazine test to provide, and did PTMP's Nitrazine test/s provide that result when you tested her?

SMMC's response states:

> Objection. Defendant objects to the above interrogatory on the basis that it is vague, overbroad in time, and beyond the scope of discovery as authorized by Fed. R. Civ. P. 26(b)(1). Further, as phrased, the interrogatory is objectionable to the extent that it calls for speculation, lacks proper foundation as to this defendant and constitutes an improper hypothetical question since the chart indicates that Teresa Mary Palmer had a "[n]egative nitrazine" test and "[q]uestionable prolonged ROM" in the presence of "[f]alse labor." *See* the medical chart at SMMC000098. Finally, the above interrogatory is objectionable to the extent that it seeks irrelevant information which is outside the scope of the pleadings since EMTALA is not a federal malpractice statute. *See* Doc. 84 at p. 10.

For the reasons discussed as to Interrogatory No. 5, the Court overrules the objections of speculation and lack of proper foundation. SMMC can respond with what it knows, and if it does not know, it can so state. The Court also does not find the request to be vague. To succeed on an

---

[8] *Stonebarger v. Union Pac. R.R. Co.*, No. 13-2137-JAR-TJJ, 2015 WL 64980, at *3 (D. Kan. Jan. 5, 2015) (quoting *Teichgraeber v. Mem'l Union Corp. of Emporia St. Univ.*, 932 F. Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted)).

[9] *Id.* (quoting *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D. Kan. 1991), appeal denied, 1991 WL 60514 (D. Kan. Mar. 29, 1991)).

5

objection that a request is vague, one "must show that more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases utilized."[10] SMMC fails to identify anything in the request that it finds vague. The Court also does not find any part of the request to be overbroad in time, and SMMC does not identify what part of the interrogatory it believes is overbroad.

Finally, the Court declines to consider any objection "to the extent that" it may apply to any particular request for discovery. "This Court has characterized these types of objections as 'worthless for anything beyond delay of the discovery.'"[11] These types of objections "are considered mere hypothetical or contingent possibilities, where the objecting party makes no meaningful effort to show the application of any such theoretical objection to any request for discovery."[12] Thus, the Court finds the general objection "to the extent that" it is irrelevant as waived.

Nor does the Court find the interrogatory to be irrelevant or outside the scope of discovery, even for Mr. Palmer's claim for tort of outrage. In Kansas the tort of outrage, also described as intentional infliction of emotional distress, requires the following four elements:

> (1) The conduct of the defendant was so intentional or in reckless disregard of the plaintiff; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the defendant's conduct and the plaintiff's mental distress; and (4) the plaintiff's mental distress was extreme and severe.[13]

---

[10] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate 2003*, No. 09-cv-2516-JAR, 2011 WL 765882, at *2 (D. Kan. Feb. 25, 2011) (quoting *Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 696 (D. Kan. 2007)).

[11] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 666–67 (D. Kan. 2004) (quoting *Cotracom Commodity Trading Co. v. Seaboard Corp.*, No. Civ. A. 97–2391–GTV, 1998 WL 231135, at *1 (D. Kan. May 6, 1998)).

[12] *Id.* (internal quotations omitted).

[13] ECF 84 at 19–20.

The Court has already found that Plaintiffs "pleaded the elements of an intentional infliction of emotional distress claim under Kansas law," and that they "have pleaded sufficient facts to deserve an opportunity to discover additional facts to support their allegations."[14] Thus, given that relevance is broadly construed at this point, the Court finds the requested discovery should be allowed. The motion to compel is granted as to Interrogatory No. 5.

### C. Interrogatory No. 6

Interrogatory No. 6 asks:

> Why was the Fern test used to determine ROM status on PTMP when her Medical Record repeatedly notes blood present?

SMMC's response states:

> Objection. Defendant objects to the above interrogatory on the basis that it is overbroad in time and beyond the scope of discovery as authorized by Fed. R. Civ. P. 26(b)(1). Further, as phrased, the interrogatory is objectionable to the extent that it calls for speculation and lacks proper foundation as to this defendant. The interrogatory is also argumentative and improperly assumes facts in dispute as to the phrase "when her Medical Record repeatedly notes blood present." Finally, the above interrogatory is objectionable to the extent that it seeks irrelevant information which is outside the scope of the pleadings since EMTALA is not a federal malpractice statute. *See* Doc. 84 at p. 10.

The objections are overruled for the reasons discussed as to Interrogatory No. 5. As to the objection that the interrogatory is argumentative and improperly assumes facts in dispute, SMMC again provides no basis for why those objections are proper at this stage. The motion to compel is granted as to Interrogatory No. 6.

### D. Interrogatory No. 7

Interrogatory No. 7 asks:

---

[14] ECF 84 at 20.

7

> Why was the Navigation Tour Progress note indicating PTMP had experienced unknown fluid discharge on her leg earlier that week not considered a sign/symptom of possible Prolonged Rupture of Membranes (PROM)?

SMMC's response states:

> Objection. Defendant objects to the above interrogatory on the basis that it is vague (as to the phrase "Navigation Tour Progress Note"), overbroad in scope and time, and beyond the scope of discovery as authorized by Fed. R. Civ. P. 26(b)(1). Further, as phrased, the interrogatory is objectionable to the extent that it calls for speculation and lacks proper foundation as to this defendant. Finally, the above interrogatory is objectionable to the extent that it seeks irrelevant information which is outside the scope of the pleadings since EMTALA is not a federal malpractice statute. *See* Doc. 84 at p. 10.

The Court sustains the objection on the basis that it is vague. The phrase "Navigation Tour Progress Note" requires "'more tools beyond mere reason and common sense'" to respond.[15] The motion to compel is denied as to Interrogatory No. 7.

### E. Interrogatory No. 8

Interrogatory No. 8 asks:

> Why was the dye test never used to determine whether or not PTMP suffered ROM?

SMMC's response states:

> Objection. Defendant objects to the above interrogatory on the basis that it is vague and ambiguous (as to the phrase "dye test"), overbroad in scope and time, and beyond the scope of discovery as authorized by Fed. R. Civ. P. 26(b)(1). Further, as phrased, the interrogatory is objectionable to the extent that it calls for speculation and lacks proper foundation as to this defendant. Finally, the above interrogatory is objectionable to the extent that it seeks irrelevant information which is outside the scope of the pleadings since EMTALA is not a federal malpractice statute. *See* Doc. 84 at p. 10.

---

[15] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate 2003*, No. 09-cv-2516-JAR, 2011 WL 765882, at *2 (D. Kan. Feb. 25, 2011) (quoting *Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 696 (D. Kan. 2007)).

The Court sustains the objection on the basis that is vague as to the term "dye test" for the same reasons discussed for Interrogatory No. 7. The motion to compel is denied as to Interrogatory No. 8.

**F. Interrogatory No. 9**

Interrogatory No. 9 asks:

> A CMS investigator's note indicates that on two occasions PTMP's cervical dilation was measured by SMMC employees as 9.0 cm and 8.0 cm respectively, but never recorded. Was Angela Piquard, M.D. made aware of the fact that CNM Yunghans and Lisa Marie Nelson, RN measured PTMP's cervical dilation as 9.0 cm and 8.0 cm respectively, but never recorded that fact in the medical record; prior to order PTMP discharged?

SMMC's response states:

> Objection. Defendant objects to the above interrogatory on the basis that its vague (as to the particular CMS investigator's note in question), overbroad in scope and time, and beyond the scope of discovery as authorized by Fed. R. Civ. P. 26(b)(1). Further, as phrased, the interrogatory is objectionable to the extent that it calls for speculation and lacks proper foundation as to this defendant. Finally, the above interrogatory is objectionable to the extent that it seeks irrelevant information which is outside the scope of the pleadings since EMTALA is not a federal malpractice statute. *See* Doc. 84 at p. 10.

The Court overrules the objection on the basis that it is vague. SMMC says it is vague "as to the particular CMS investigator's note in question," but the Court does not find vagueness to be a proper objection here. "The party objecting to the discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."[16] SMMC has failed to do so. Further, SMMC does not need to know what note Plaintiffs are referring to, because the interrogatory does not ask about the note. It only asks if Angela Piquard, M.D. was made aware of the fact that CNM

---

[16] *Anderson v. United Parcel Serv., Inc.*, No. 09-2526-KHV-DJW, 2010 WL 4822564, at *5 (D. Kan. Nov. 22, 2010) (citing *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 655 (D. Kan. 2006)).

Yunghans and Lisa Marie Nelson, RN measured Teresa Mary Palmer's cervical dilation but never recorded it in the medical record. As noted earlier, if SMMC does not know, then it can so state. The remaining objections are overruled for the reasons previously discussed. The motion to compel is granted as to Interrogatory No. 9.

### G. Interrogatory No. 10

Interrogatory No. 10 asks:

> Uterine contractions are quantified as the number of contractions present in a 10-minute window, averaged over 30 minutes. What continuously monitored 30 minute period of PTMP's electronic fetal monitoring tracings included the lowest number of contractions during a 10-minute window, and which 30 minute period included the highest number of contractions during a 10-minute window, and what were those highest and lowest numbers; for the period PTMP was monitored for fetal heart rate and uterine contractions at SMMC's Birth Center?

SMMC's response states:

> Objection. Defendant objects to the above interrogatory on the basis that it is overbroad in scope and beyond the scope of discovery as authorized by Fed. R. Civ. P. 26(b)(1). Further, as phrased, the interrogatory is objectionable to the extent that it calls for speculation and lacks proper foundation as to this defendant. Finally, the above interrogatory is objectionable to the extent that it seeks irrelevant information which is outside the scope of the pleadings since EMTALA is not a federal malpractice statute. *See* Doc. 84 at p. 10.

The Court considers the overall wording of a request in determining whether it is overly broad.[17] In this instance the request does not appear overly broad on its face, and SMMC does not explain how it is overbroad or beyond the scope of discovery. As discussed above,

---

[17] *Robinson v. City of Arkansas City, Kan.*, No. 10-1431-JAR-GLR, 2012 WL 603576, at *8 (D. Kan. Feb. 24, 2012) (citing *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665–66 (D. Kan. 1999)).

speculation and lack of foundation are not proper objections at this stage. If SMMC does not know, then it should so state. The motion to compel is granted as to Interrogatory No. 10.

### H. Interrogatory No. 11

Interrogatory No. 11 asks:

> State whether any hearing dealing with mortality or morbidity was held regarding the care and treatment of PTMP alleged in the Second Amended Complaint.

SMMC's response states:

> Objection. Defendant objects to the above interrogatory on the basis that it is overbroad in time and scope, unduly burdensome, and beyond the scope of discovery as authorized by Fed. R. Civ. P. 26(b)(1). In particular, said interrogatory is objectionable to the extent that it calls for information protected by Kansas' peer review and risk management privileges (*see* K.S.A. §§ 65-4914 through 65-4916, and §§ 65-4921 through 65-4930), and the privilege accorded healthcare providers under the Patient Safety and Quality Improvement Act of 2005 (PSQIA), 42 U.S.C. §§ 299b-21 to 26. Finally, the above interrogatory is objectionable to the extent that it seeks irrelevant information which is outside the scope of the pleadings since EMTALA is not a federal malpractice statute. *See* Doc. 84 at p. 10.

K.S.A. § 65-4914(b) says "the reports, statements, memoranda, proceedings, findings and other records submitted to or generated by peer review committees or officers shall be privileged and shall not be subject to discovery." Peer review includes the function of reducing morbidity or mortality.[18] However, the interrogatory is not asking for "reports, statements, memoranda, proceedings, findings, and other records." It is simply asking if a hearing occurred. Although the outcome of such hearing, if it occurred, may be privileged and not subject to discovery, the referenced statute does not appear to preclude the simple disclosure as to whether a hearing was held. Likewise, K.S.A. § 65-4925 says reports and records made pursuant to the statute's

---

[18] K.S.A. § 65-4915(a)(3)(E).

11

reporting requirements are confidential and privileged and not subject to discovery. Again, the interrogatory is not asking for records or reports, and the statute does not appear to prevent whether a hearing was held from being discovered.

Similarly, 42 U.S.C. §299b-21 defines "patient safety work product" as "any data, reports, records, memoranda, analyses (such as root cause analyses), or written or oral statements." Under 42 U.S.C. § 299b-22, patient safety work product shall be privileged and shall not be subject to discovery. But as discussed above, the interrogatory does not request "data, reports, records, memoranda, analyses … or written or oral statements." It simply asks whether or not a hearing was held. The motion to compel is granted as to Interrogatory No. 11.

**I. Interrogatory No. 12**

Interrogatory No. 12 asks:

> State the name, author, publisher, title, date of publication and specific provision of all medical texts, books, journals or other medical literature which you or your attorney intend to use as authority or reference in defending any of the allegations set forth in the Complaint.

SMMC's response states:

> Objection. Defendant objects to the above interrogatory on the basis that it is unduly burdensome and beyond the scope of discovery as authorized by Fed. R. Civ. P. 26(b)(1). In particular, said interrogatory is objectionable to the extent that it calls for information protected by the attorney-client privilege and work-product doctrine. At the appropriate time, the defendant will certainly list the exhibits it intends to use at trial but, as phrased, the above interrogatory goes far beyond asking for a list of exhibits and, as such, defendant objects on the above grounds.

The Court sustains the objection on the basis that this request is premature. As SMMC notes, this information will be identified in SMMC's exhibit list before trial. The motion to compel is denied as to Interrogatory No. 12.

### J. Interrogatory No. 13

Interrogatory No. 13 asks:

> Identify each and every rule, bylaw, or other document of any hospital, association, licensing authority, accrediting authority or other private body which you, or your attorneys, may use at trial in defense of the allegations contained in the Complaint.

SMMC's response states:

> Objection. Please see the objection and answer to interrogatory No. 12 which defendant incorporates by reference, as though fully set forth herein.

The Court sustains the objection for the same reasons discussed for Interrogatory No. 12.

The motion to compel is denied as to Interrogatory No. 13.

### K. Interrogatory No. 14

Interrogatory No. 14 asks:

> State whether there were any policies, procedures, guidelines rules (sic) or protocols for Preterm Labor patients in effect at SMMC at the time of the care and/or treatment of PTMP and if so, state:
> a. Whether such policies, opinions, rules or protocols are published and by whom;
> b. The effective date of said policies, procedures, rules or protocols;
> c. Which medical professionals are bound by said policies, procedures, guidelines, rules or protocols;
> d. Who is the administrator of any such policies, procedures, guidelines, rules or protocols;
> e. Whether the policies, procedures, guidelines, rules or protocols in effect at the time of the occurrence alleged in the Complaint have been changed, amended or altered after the occurrence. If so, state the change(s) and the date(s) of any such change(s).

SMMC's response states:

> Objection. Defendant objects to subparagraph (e) of the above interrogatory on the basis that it is overbroad in time and scope, unduly burdensome, and beyond the scope of discovery as authorized by Fed. R. Civ. P. 26(b)(1). In particular, said interrogatory is objectionable to the extent that it calls for irrelevant and inadmissible information respecting subsequent

remedial measures. Without waiving said objection, defendant
responds to the balance of the interrogatory as follows: Yes. Please
see Patient Care Protocol Number 308 (Effective Date: 2/14/2012)
attached hereto. This interrogatory answer may be further
supplemented.

SMMC has answered the first part of the question by saying yes, and answered subsection (b) by including the effective date. However, as discussed regarding Interrogatory Nos. 3 and 4, SMMC should be more specific in the remainder of its answer rather than simply referencing the policy it attached. It should use the information from the attached policy to answer whether the policy is published and by whom, which medical professionals are bound by the policy, and who is the administrator of the policy.

SMMC's objection to subsection (e) based on it calling for inadmissible information respecting subsequent remedial measures is not appropriate at this stage. Fed. R. Civ. P. 26(b)(1) specifically notes that information sought in discovery "need not be admissible in evidence to be discoverable." The objection to subsection (e) is overruled. The motion to compel is granted as set forth herein as to Interrogatory No. 14.

### L. Interrogatory No. 17

Interrogatory No. 17 asks:

State for each person who directly or indirectly was involved in the
care and treatment of PTMP alleged in the Complaint:
  a. That person's full name and current address;
  b. The name and current address of that person's employer;
  c. The employment relationship of that person with defendant SMMC;
  d. The date(s) of such person's care or treatment, including a description
     of the care or treatment; and
  e. The name and current address of any other individual present when the
     care or treatment was rendered.

SMMC's response states:

Objection. Defendant objects to the above interrogatory on the
basis that it is vague and ambiguous as to the term "indirectly."

14

> Without waiving said objection, defendant responds to the balance of the interrogatory as follows: Please see the medical chart previously produced. The names of the nurses and certified nurse-midwife involved in Teresa Mary Palmer's care at SMMC on November 5, 2014 are set forth in the chart, along with a description of their assessments. Said individuals were employed by SMMC at the time and, as such, may only be contacted through undersigned counsel. Please see the chart for SMMC's address.

The Court sustains the objection as to the term "indirectly" being vague. However, as discussed in regard to Interrogatory Nos. 3, 4, and 14, SMMC shall supplement the answer it did provide with specificity instead of simply referring to the medical chart. Specifically, SMMC shall respond with the names of the nurses and certified nurse-midwife involved in Teresa Mary Palmer's care on November 5, 2014, their assessments, and SMMC's address. The motion to compel is otherwise denied as to Interrogatory No. 17.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Compel Defendant Shawnee Mission Medical Center, Inc. (SMMC) to Answer Plaintiffs' First Set of Interrogatories (ECF 122) is granted in part and denied in part as discussed herein. SMMC shall supplement its responses in accordance with this order within fifteen (15) days.

**IT IS SO ORDERED.**

Dated August 14, 2018, at Kansas City, Kansas.

> *S/ Gerald L. Rushfelt*
> Gerald L. Rushfelt
> U.S. Magistrate Judge